Filed 1/19/23  P. v. Royle CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080881 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE276920) |
| KEVIN CHRISTOPHER ROYLE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Frank L. Birchak, Judge.  Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2009, a jury convicted Kevin Christopher Royle of first degree murder (Pen. Code,[1] § 187, subd. (a)) and found true firearm allegations that Royle personally, and intentionally discharged a firearm causing great bodily injury and death (§§ 12022.53, subd. (d), 12022.5, subd. (a)).  Royle was

---

[1]     All further statutory references are to the Penal Code.

sentenced to an indeterminate term of 75 years to life plus a determinate term of 16 years in prison.

Royle appealed his conviction, and this court affirmed the judgment in an unpublished opinion. (*People v. Royle* (Dec. 22, 2010, D055377).)

In 2022, Royle filed a petition for resentencing under section 1172.6 (former section 1170.95).

The trial court appointed counsel, received briefing, and reviewed the record of conviction. After conducting a hearing, the court found the petitioner had not stated a prima facie case for relief under the statute. The court said:

> "All right. The Court is relying in part on *People v. Lewis*, a 2021 California Supreme Court case, 11 Cal.5th 952, . . . 972, which says the trial court should use the record of conviction in assessing whether or not a prima facie showing was found. The Court is also considering *People v. Cornelius*, [(]2020[)] 44 Cal.App.5th 54, . . . 58, which discusses the intentional use of a firearm being evidence that somebody falls outside of felony murder, aiding and abetting, or natural and probable consequences. The Court's also considering *People v. Daniel*, [(]2020[)] 57 Cal.App.5th 666, . . . 677, which indicates when someone was—when the jury was only instructed under CALCRIM 520, that is evidence that they were not convicted under either of the three theories. Also is considering *People v. Edwards*, [(]2020[)] 48 Cal.App.5th 666, . . . 674, again, having to do with how somebody was charged. And then *People v. Tarkington*, [(]2020[)] 49 Cal.App.5th, 892, . . . , 889, again, with the use of—personal use of a deadly weapon, indicating they do not qualify for relief. Based on all of those, the Court is denying the petition without an order to show cause hearing."

Royle filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any

arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered Royle the opportunity to file his own brief on appeal, but he has not responded.

This court reviewed the facts of the offense in our prior opinion. We do not find it necessary to repeat the facts here.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified several possible issues that were considered in evaluating the potential merits of this appeal.

1. Whether this court should conduct an independent review of the record in accordance with the procedure established by *Wende*.

2. Whether Royle's petition demonstrated a prima facie case for relief, which would require the court to issue an order to show cause.

3. Whether the trial court's denial of the petition was prejudicial error.

We have independently reviewed the record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Royle on this appeal.

## DISPOSITION

The order denying Royle's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

DO, J.

BUCHANAN, J.

4